IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JETZ MIDWEST, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3000 |
| | ) | |
| V. | ) | |
| | ) | |
| KAPLAN HIGHER EDUCATION CORPORATION, | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the court are the plaintiff's motion to compel, (filing no. 26), and supplemental motion to compel, (filing no. 39).

The plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents were served on the defendant on April 17, 2009. Filing No. 26, ¶ 1. At the defendant's request, the plaintiff extended the response deadline to May 27, 2009. Filing No. 26, ¶ 2.

As of July 1, 2009, when the plaintiff filed its first motion to compel, the defendant had not responded to plaintiff's discovery. Filing No. 26, ¶ 3. The plaintiff moved to compel responses to its written discovery, and for its costs and attorney fees incurred in filing the motion. Filing No. 26. In response to the plaintiff's motion to compel, the defendant served unverified answers to plaintiff's interrogatories and responses to plaintiff's requests for production on July 17, 2009. (Filing No. 31). The defendant objected to nineteen of the interrogatories, but "notwithstanding said objection," provided an answer to each of these interrogatories. The defendant provided no response to Interrogatories Nos. 2 through 4, and Request for Production No. 3, stating the plaintiff had agreed to withdraw these discovery requests. (Filing Nos. 40-2 & 40-3).

On July 23, 2009, the court entered an order stating the defendant's response to plaintiff's request for attorney fees and expenses was due on August 3, 2009. The plaintiff was ordered to file a supplemental motion to compel if the defendant's written discovery responses served on July 17, 2009 were incomplete or the interrogatory answers remain unverified as of August 3, 2009.

On July 28, 2009, counsel for the plaintiff sent a letter to defense counsel which outlined the plaintiff's concerns with defendant's discovery responses. Plaintiff's counsel stated that due to defendant's numerous objections, the plaintiff could not determine if defendant's discovery responses were full and complete. Filing No. 40-4, at CM/ECF p. 2. Plaintiff's counsel further stated:

> [Y]our responses to our requests for production of documents indicate that we withdrew Request for Production No. 3. Our agreement contemplated only Interrogatories 2 through 4. . . . We indicated our willingness to withdraw those Interrogatories on the basis that stipulations by the parties would narrow the issues for trial sufficiently so that such discovery would be unnecessary. We may be willing to add Request for Production No. 3 to the list of waived discovery if we receive complete responses to our Interrogatories and can sufficiently narrow the issues at trial. I have enclosed a draft stipulation to aid us in narrowing the issues.

Filing No. 40-4, at CM/ECF p. 2. A copy of the proposed stipulation was attached to the letter.

As to the nineteen objections raised by the defendant in its unverified interrogatory responses, the defendant removed these objections in the verified responses signed on July 31, 2009 and served on the plaintiff on August 3, 2009. In all other respects, the interrogatory answers remain substantially the same; that is, as to each response, the defendant removed the objection and restated the answer

previously provided "notwithstanding the objection." The interrogatory objections are therefore now waived and verified answers were served on August 3, 2009.

The plaintiff filed a supplemental motion to compel. Filing No. 39. The plaintiff claims the defendant must respond to Interrogatories 2 through 4 and Request for Production No. 3 because the plaintiff agreed to withdraw these discovery requests in exchange for a stipulation of facts by the defendant, and the defendant has not provided the stipulation. The plaintiff's supplemental motion to compel explains, "As an accommodation to Defendant in responding to the discovery requests, Plaintiff agreed to withdraw certain interrogatories in exchange for Plaintiff's stipulation that the correct party had been served for purposes of the action." Filing No. 39, ¶ 2.

The agreement referenced by the plaintiff apparently dates back to at least May 19, 2009. On that date, defense counsel sent a letter to plaintiff's counsel stating:

> This letter is to confirm our conversation in which you stipulated that you would withdraw Plaintiff's Interrogatories 2-4 and allow a one-week extension to May 27, 2009 for Defendant to answer Plaintiff's discovery requests.
>
> As my previous email indicated, my client, Kaplan Higher Education Corporation is willing to stipulate that you have served the right party for purposes of this lawsuit.

Filing No. 40-4, at CM/ECF p. 1. In addition to the statements in defense counsel's letter, the defendant's response to Request for Production No. 3 states, "By stipulation of the parties, Defendant acknowledges that it is the legal owner of the subject property and assumed all valid leases." Filing No. 40-3, at CM/ECF p. 12.

The parties are essentially asking the court, on a motion to compel, to enforce an outside agreement between them regarding the scope of discovery. The court can do so, but its ruling is defined by and limited to the undisputed evidence of record. The plaintiff states its agreed to withdraw Interrogatories 2 through 4 provided the defendant stipulated it was the correct defendant for this action. Filing No. 39, ¶ 2. Although the defendant apparently has not signed the stipulation drafted by plaintiff's counsel, (filing no 40-4, at CM/ECF pp. 5-7), and sent with his letter dated July 28, 2009, the plaintiff's proposed formal stipulation covers issues beyond whether "the correct party had been served for purposes of the action." Filing No. 39, ¶ 2. The May 19, 2009 letter by defense counsel and the defendant's response to Request for Production No. 3 state the defendant is the legal owner of the property at issue, assumed all valid leases for that property, and the plaintiff has served the right party for purposes of this lawsuit. Based on the record before the court, the defendant has stipulated that Kaplan Higher Education Corporation is the correct defendant. In exchange for this admission, the defendant is not required to respond to Interrogatories 2, 3, and 4.

In contrast, there is nothing of record indicating the plaintiff agreed to withdraw Request for Production No. 3 in exchange for a stipulation by the defendant. The court notes, however, that Request for Production No. 3 closely parallels the information requested in Interrogatories 2 through 4, and one could reasonably understand that all such discovery was withdrawn in exchange for plaintiff's requested stipulation. However, absent any evidence of a past agreement to withdraw Request for Production No. 3, or a future agreement between the parties to that effect, the defendant must respond to Request for Production No. 3.

Prior to filing the supplemental motion to compel, plaintiff's counsel spent 3.6 hours at a rate of $145.00 per hour attempting to resolve this discovery dispute and preparing its motion to compel, for a total cost of $522.00. Filing No. 30. In response to this fee request, the defendant filed an affidavit stating it diligently

attempted to accumulate the information requested, but needed additional time. Filing No. 38-2. The plaintiff's motion to compel was filed ten weeks after the discovery was served, and more than a month beyond the extension granted by the plaintiff, yet the defendant provided no discovery responses until a motion to compel was filed. The defendant did not file a motion for additional time to respond to plaintiff's discovery. The defendant has failed to show its delayed response to plaintiff's discovery was substantially justified, and $522.00 is a reasonable fee for preparing and filing the first motion to compel. The defendant will be ordered to pay $522.00 in fees and expenses for that motion.

The plaintiff also seeks fees and expenses for the supplemental motion to compel. In support of this claim, plaintiff's counsel states, '[s]ince the original Motion to Compel Discovery Responses, Counsel for Jetz Midwest has spent an additional 13.5 hours at a rate of $145.00 per hour attempting to resolve this discovery dispute and preparing its Second Motion to Compel Discovery Responses and this Affidavit, at a total cost of $1,957.50." Filing No. 40-5, at CM/ECF p. 2. As previously discussed, the defendant withdrew its interrogatory objections in its verified answers to interrogatories, and its position on Interrogatories 2 through 4 and Request for Production No. 3 was substantially justified. Fees and expenses will not be awarded on plaintiff's supplemental motion to compel.

Accordingly,

IT IS ORDERED that Plaintiff's motion to compel, (filing no. 26), and supplemental motion to compel, (filing no. 39), are granted, in part, and denied, in part, as follows:

1) Absent an agreement between the parties to the contrary, the defendant shall produce documents responsive to plaintiff's Request for Production No. 3. In all other respects, the plaintiff's motions to compel discovery responses to plaintiff's First Set of Interrogatories and First

        Set of Requests for Production of Documents served on April 17, 2009 are denied.

2)     The plaintiff is awarded the total of $522.00 in fees and expenses on plaintiff's motion to compel, (filing no. 26). The plaintiff's request for fees and expenses on its supplemental motion to compel, (filing no. 39), is denied.

3)     The clerk shall make the award of attorneys fees and expenses herein a part of any judgment eventually entered in this case unless the parties file a statement with the clerk advising that the award of fees and expenses was paid prior to judgment.

DATED this 19th day of August, 2009.

                                BY THE COURT:

                                *Richard G. Kopf*
                                United States District Judge